NH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gian Carlo Perea Bermudez, | No.   CV-26-01923-PHX-KML (JZB) |
| Petitioner, | |
| v. | **ORDER** |
| Luis Rosa, Jr., et al., | |
| Respondents. | |

Self-represented Petitioner Gian Carlo Perea Bermudez, who is detained at the Central Arizona Florence Correctional Complex (CAFCC), filed a Petition for Writ Habeas Corpus (Doc. 1) under 28 U.S.C. § 2241 challenging his immigration detention and paid the filing fee.  Petitioner also filed an Application to Proceed In Forma Pauperis (Doc. 2), a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3), and a Motion to Appoint Counsel (Doc. 4).  The Court will deny as moot the Application to Proceed, deny the Motions, and dismiss the Petition and this case.

## I.    Application to Proceed In Forma Pauperis

Petitioner filed an Application to Proceed In Forma Pauperis and paid the filing fee. Because Petitioner paid the fee, the Court will deny his Application to Proceed as moot.

## II.    Petition

Petitioner is a citizen of Columbia who entered the United States in 2023.  Petitioner was detained upon entry, held for approximately one month, and then paroled into the United States.  Petitioner was re-detained by Immigration and Customs Enforcement on

March 17, 2025, and has remained in custody since that time.

On December 8, 2025, Petitioner was ordered removed. Petitioner claims that he reserved his right to appeal, but that his removal order became administratively final the same day. Petitioner claims that he has been detained for 90 days past his final order of removal. He asserts his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and his Fifth Amendment right to due process. Petitioner seeks release from custody.

**III.     Failure to State a Claim**

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, continued detention is mandatory. 8 U.S.C. § 1231(a)(2). After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision. 8 U.S.C. § 1231(a)(6). However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004). In Petitioner's case, the "presumptively reasonably" six-month period has not yet elapsed.

Furthermore, because Petitioner appealed his order of removal on December 22, 2025, he does not have a final order of removal, and *Zadvydas* does not apply. *See* 8 C.F.R. § 1241.1 (stating in part that an order of removal "shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals; . . .[u]pon waiver of the appeal by the respondent; [or u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."). Accordingly, the Court will dismiss the Petition without prejudice.

. . . .

**IV.    Motion for Temporary Restraining Order and Preliminary Injunction**

Because the Court has dismissed Petitioner's claims, Petitioner has failed to show he is likely to succeed on the merits of his claims. Thus, the Court will deny the Motion for Temporary Restraining Order and Preliminary Injunction.

**V.    Motion to Appoint Counsel**

Petitioner requests the Court appoint counsel to represent him in this case. To appoint counsel under 18 U.S.C. § 3006A(a)(2)(B), the Court must determine whether the "interests of justice" require the appointment of counsel. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting § 3006A(a)(2)(B)). This determination is guided by an assessment of the likelihood of success on the merits and movant's ability to articulate his claims in light of the complexity of the legal issues. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Petitioner has not made the necessary showing for appointment of counsel. Therefore, the Court will deny his Motion to Appoint Counsel.

**IT IS ORDERED:**

(1)    Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **denied as moot**.

(2)    Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) and Motion to Appoint Counsel (Doc. 4) are **denied**.

(3)    The Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed without prejudice.**

(4)    The Clerk of Court must enter judgment accordingly and close this case.

Dated this 1st day of April, 2026.

Honorable Krissa M. Lanham
United States District Judge